UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
New Haven Division

| | |
|---|---|
| In re: )<br>)<br>DOMINICK C. VITA, )<br>)<br>     Debtor. )<br>_____) | Bankr. Case No.: 08-32178-ASD<br><br>Chapter 7 |
| )<br>DOMINICK C. VITA, )<br>)<br>     Plaintiff, )<br>)<br>v. )<br>)<br>SALLIE MAE, INC., and )<br>COLLEGE FOUNDATION, INC., )<br>)<br>     Defendants )<br>_____) | Adv. Proc. No.: 08-03121 |

## JOINT MOTION FOR APPROVAL OF STIPULATION IN SETTLEMENT

Plaintiff, Dominick C. Vita, and Defendant, Sallie Mae, Inc., by and through their respective undersigned counsel, hereby move this Court for entry of an Order approving their Stipulation in Settlement with respect to the Plaintiff's Complaint, filed contemporaneously herewith.

| | |
|---|---|
| _____<br>John E. Hudson, Esquire<br>379 Prospect Park, Suite C<br>P.O. Box 2026<br>Torrington, CT 06790<br>Telephone: (860) 489-2790<br>Facsimile: (860) 489-7280<br>E-mail: jhudlaw@sbcglobal.net<br><br>Attorney for Dominick C. Vita | /s/ Joseph A. Maker<br>Joseph A. Maker, Esquire<br>30 Oak Street<br>Stamford, CT 06905<br>Telephone: (203) 324-4129<br>Facsimile: (203) 324-2381<br>Email: jam.law@juno.com<br><br>Attorney for Sallie Mae, Inc. |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**New Haven Division**

| | |
|---|---|
| In re: ) | |
| ) | Bankr. Case No.: 08-32178-ASD |
| DOMINICK C. VITA, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| _____) | |
| ) | |
| DOMINICK C. VITA, ) | Adv. Proc. No.: 08-03121 |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| SALLIE MAE, INC., and ) | |
| COLLEGE FOUNDATION, INC., ) | |
| ) | |
| Defendants ) | |
| _____) | |

**STIPULATION IN SETTLEMENT OF**
**COMPLAINT TO DETERMINE DISCHARGEABILITY OF**
**STUDENT LOANS BETWEEN PLAINTIFF AND DEFENDANT, SALLIE MAE, INC.**

Plaintiff, Dominick C. Vita ("Plaintiff"), and Defendant, Sallie Mae, Inc. ("Sallie Mae"), by and through their respective undersigned counsel, hereby stipulate as follows:

1. On July 3, 2008, Plaintiff filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, and a discharge of eligible debts was entered in the case on October 7, 2008.

2. On November 3, 2008, Plaintiff filed a Complaint naming, *inter alia*, Sallie Mae as a Defendant, seeking a discharge of educational loan debt under 11 U.S.C. § 523(a)(8).

3. On December 1, 2008, Sallie Mae filed its Answer to Plaintiff's Complaint.

4.      Plaintiff is indebted to Sallie Mae pursuant to the applicable terms of four (4) LawLoans Law Student Loan Promissory Notes ("Promissory Notes") executed by Plaintiff to obtain educational loans ("Student Loans").

5.      As of November 12, 2008, there was a balance due and owing under the Notes including principal, interest and fees in the amount of $105,931.85 ("Outstanding Balance"), with a variable interest rate, and with interest accruing thereafter pursuant to the Notes.

6.      Plaintiff and Sallie Mae hereby agree that, for so long as Plaintiff does not default under this Stipulation, the balance which is non-dischargeable pursuant to 11 U.S.C. § 523(a)(8) shall be reduced to $50,000.00 ("Reduced Balance"), and the variable interest rate shall be reduced to a fixed rate of 2% ("Reduced Interest"), and Plaintiff shall repay the Reduced Balance at the Reduced Interest rate as follows: $211.93 per month for a period of three hundred (300) consecutive months. The first monthly payment is due to be received by Sallie Mae on or before December 1, 2009, with subsequent payments to be received on the first (1st) day of each month thereafter. All other sums owed by the Plaintiff to Sallie Mae will be deemed discharged, except as set forth herein below.

7.      All payments pursuant to this Stipulation shall note Plaintiff's account number on the payment, and be mailed to, "Sallie Mae, Inc., Monetary Department, P.O. Box 9532, Wilkes-Barre, PA 18773", or to any other address provided to the Plaintiff by Sallie Mae in writing.

8.      The following shall be Events of Default hereunder: (a) Plaintiff shall fail to make any payment due hereunder within thirty (30) days of the due date, without securing Sallie Mae's agreement to a forbearance of such payment(s); (b) Plaintiff commences any further legal proceedings against Sallie Mae, its successors or assigns, seeking to discharge any portion of the debt due Sallie Mae.

9. In the event of a default hereunder, as described in Paragraph 8.(a) above (failure to make any scheduled payment), Sallie Mae is entitled to collect the outstanding Reduced Balance as of the date of default, plus a penalty equal to twenty percent (20%) of the remaining Reduced Balance at the time of default, in addition to any other remedies permitted under the applicable terms of the loan Promissory Note.

10. In the event of a default hereunder, as described in Paragraph 8.(b) above (Plaintiff commences any further legal proceedings against Sallie Mae, its successors or assigns, seeking to discharge the debt to Sallie Mae) any forgiveness of the principal and interest herein is revoked, and the Plaintiff will be liable for the full amount of the Outstanding Balance plus interest pursuant to the applicable terms of the Notes, less any payments made hereunder which, following default shall be applied first to interest that would have accrued had this Stipulation not been in effect, and then to principal.

11. There is no penalty for prepayment under this Stipulation, but any prepayment, unless it is payment in full, does not relieve Plaintiff of the obligation to make ongoing monthly payments.

12. In the event the parties agree to any forbearance of payment obligations, after this Stipulation is approved, interest will continue to accrue during the time of any such forbearance, at the interest rate stated herein, so that the total amount to be repaid, and the monthly payments required, may increase from that stated herein.

13. Except as provided in this Stipulation, all other terms of the Notes remain in effect and are hereby incorporated by reference.

14. Any amendment, modification, or waiver of any term or condition of this Stipulation must be made in writing and signed by all parties hereto.

15. This Stipulation may be executed in counterparts, or by facsimile, each of which shall constitute an original, but all of which together shall constitute one and the same Stipulation.

16. Upon approval of this Stipulation, this adversary proceeding shall be dismissed, as to Defendant, Sallie Mae, Inc.

**WHEREFORE**, the parties pray this Honorable Court for an Order approving this Stipulation and dismissing the above-captioned adversary proceeding, as to Defendant, Sallie Mae, Inc.

_____
John E. Hudson, Esquire
379 Prospect Park, Suite C
P.O. Box 2026
Torrington, CT 06790
Telephone: (860) 489-2790
Facsimile: (860) 489-7280
E-mail: jhudlaw@sbcglobal.net

Attorney for Plaintiff, Dominick C. Vita


_/s/ Joseph A. Maker_
Joseph A. Maker, Esquire
30 Oak Street
Stamford, CT 06905
Telephone: (203) 324-4129
Facsimile: (203) 324-2381
Email: jam.law@juno.com

Attorney for Defendant, Sallie Mae, Inc.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
New Haven Division

| | |
|---|---|
| In re: ) | |
| ) | Bankr. Case No.: 08-32178-ASD |
| DOMINICK C. VITA, ) | |
| ) | Chapter 7 |
| Debtor. ) | |
| _____ ) | |
| DOMINICK C. VITA, ) | Adv. Proc. No.: 08-03121 |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| SALLIE MAE, INC., and ) | |
| COLLEGE FOUNDATION, INC., ) | |
| ) | |
| Defendants ) | |
| _____ ) | |

## ORDER APPROVING STIPULATION IN SETTLEMENT

Upon consideration of the Stipulation in Settlement between Defendant, Sallie Mae Inc., and Plaintiff, Dominick C. Vita, and Motion to Approve, IT IS ORDERED, as follows:

1. The Motion is granted in all respects.

2. The Stipulation in Settlement is approved, and the terms of the Stipulation in Settlement are incorporated herein by reference.

3. Upon entry of this Order, the Clerk of the Court shall mark the above-captioned adversary proceeding as closed and disposed.

Dated:                                                          BY THE COURT